In re VINING.

District Court, N. D. Georgia, Rome Division. January 13, 1930.

No. 3756.

Sam P. Maddox, of Dalton, Ga., for claimants.

O. R. Hardin, of Dalton, Ga., for trustee.

SIBLEY, District Judge. The bill of sale here concerned, dated December 30, 1927, recites that it is to secure a note of $9,500 for cash that day borrowed, or "any renewal of it or any other obligation to the payee, primary, secondary or contingent, due or to be due, now existing or hereafter contracted." The property conveyed is described as "my entire stock of merchandise located on the east side of Hamilton Street in the City of Dalton, in brick store house belonging to First National Bank, at the corner of Hamilton and Cuyler Streets, also my trucks and equipment, the stock of merchandise invoiced on this date $30,098.69, equipment $4,631.00; this bill of sale to attach to goods bought and detach from goods sold, and attach to the cash or accounts representing such sales, this bill of sale to be shifting in its nature." It was stipulated that $20,000 insurance was to be carried, with loss payable to payee, as his interest might appear. The paper was duly attested for record, but not at first recorded. On March 19, 1928, a fire occurred. The loss on the stock was adjusted at about $18,000, $4,500 of which was paid Hardwick Bank & Trust Company, and the rest otherwise used in the business. The insurance policy did not have the agreed loss payable clause, and the incumbrance on the stock was not disclosed to the insurer. Goods salvaged to a value of $5,000 or $6,000 were partly sold off and the rest removed to a nearby warehouse and then to another store, and with the consent of the Hardwick Bank business was recommenced. The bill of sale was recorded March 19, 1928, immediately after the fire. Many new goods were bought and three retail stores established in Dalton and one in Chatsworth, Ga. These were stocked from the wholesale store at Dalton, under verbal agreement with the Hardwick Bank that the bill of sale should cover all the goods, new and old. The bankruptcy occurred July 20, 1929. Hardwick Bank offered a proof of claim based upon its bill of sale, alleging an indebtedness of $8,183 upon it, but not exhibiting any note and not stating the consideration of it or origin of the indebtedness. The referee allowed the claim as a secured one as respects the trucks and equipment in the trustee's hands which were identified as on hand when the bill of sale was given, but he disallowed it so far as security was claimed against the merchandise, none of which was identified as that salvaged from the fire. The Hardwick Bank complains of the ruling.

The referee having upheld the bill of sale as against the trucks and equipment, there is no occasion to rule upon the sufficiency of the specification of the debt secured under Georgia Civ. Code 1910, § 3257, nor upon the question of delayed record, under Georgia Civ. Code 1910, § 3307. The only question decided adversely to the complaining party is the validity of the secured claim against the merchandise in the trustee's hands and its proceeds. The statute of Georgia which controls is Georgia Civ. Code 1910, § 3256: "A mortgage in this State is only security for a debt, and passes no title. It may embrace all property in possession, or to which the mortgagor has the right of possession at the time, or may cover a stock of goods, or other things in bulk, but changing in specifics, in which case the lien is lost on all articles disposed of by the mortgagor up to the time of foreclosure, and attaches to the purchases made to supply their place." This provision applies also to a bill of sale to personalty given to secure a debt, though passing title. Merchants' & Mechanics' Bank v. Beard, 162 Ga. 446, 134 S. E. 107. So far at least as the merchandise is concerned, the paper here involved undertakes to deal with the stock in bulk rather than with specific articles composing it, by authority of this statute. The only thing describing and fixing the identity of the stock is the elaborate description of the building in which it was located. The property must be specified and described. Georgia Civ. Code 1910, § 3257. The description here was sufficient as to the stock while so located, and the bill of sale accordingly covered all merchandise added to it by actual introduction into the building for sale with it, but not merchandise placed somewhere else, although near by and intended to be added to the stock. Robinson v. Norton, 108 Ga. 565, 34 S. E. 147. Where a description of the place containing the stock is alone relied on to identify it, goods must actually come within the place in order to come within the description. It is not meant to be ruled that the goods salvaged from the fire prior to their sale did not remain under the bill of sale because moved elsewhere, but they could

not, in another location, constitute the stock of merchandise under the statute validly incumbered by the old paper so that additions to it would be affected as against third parties. In a new location, and especially when separated into several stocks in different stores, one even in another city and county, the stock of merchandise described in the original paper no longer existed so as to operate under the Georgia statute. The verbal agreement of the parties to that effect cannot help, for such a security could not be created by parol as against third persons. So far from helping the situation, the complicity of the Hardwick Bank tended rather to estop it from asserting any claim on the stock, so misleading and deceptive would the situation necessarily be to new creditors who saw the face of the record but did not know of the history connecting the five present stocks with the former stock in the burned building.

The referee's judgment is accordingly affirmed.